UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERIFACTORS FINANCIAL
GROUP, LLC,

    Plaintiff,

v.                                                 Case No.:  2:24-cv-671-SPC-NPM

MITCHELL & STARK
CONSTRUCTION CO., INC.,
BLACK OLIVE CAPITAL, LLC
and EN OD CAPITAL LLC,

    Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court after sua sponte review of the Complaint (Doc. 1). The Court is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Additionally, the Court can dismiss complaints which are considered "shotgun pleadings." *Weiland v. Palm City Beach Cnty. Sherriff's Office*, 792 F.3d 1316, 1320 (11th Cir. 2015). Because Plaintiff's allegations of diversity jurisdiction are inadequate, and the complaint is a shotgun pleading, the Court dismisses without prejudice.

Plaintiff invokes the Court's diversity jurisdiction. (Doc. 1 ¶ 5). Federal courts have diversity jurisdiction over civil actions where there is complete

diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). But Plaintiff's complaint incorrectly alleges the parties' citizenship.

According to the caption, three of the parties are limited liability companies. An LLC "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The "citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). But when a member is a natural person, that member's citizenship is determined by where she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Plaintiff provides each LLC party's principal place of business, which is relevant for the citizenship of a corporation, not an LLC. Moreover, Plaintiff provides only where each LLC's members "reside." (Doc. 1 at ¶ 5). Residence—without more—does not show domicile. *See, e.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (defining citizenship as a person's "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]").

Without properly alleging the members' citizenship, Plaintiff cannot properly allege the LLCs' citizenship.

Plaintiff also describes Defendant Black Olive Capital as both a "Delaware corporation" and a "limited liability company." (Doc. 1 at ¶¶ 3, 5). Plaintiff must figure out whether Black Olive Capital is a corporation or LLC. If Black Olive Capital is a corporation, its citizenship is determined by where it is incorporated and has its principal place of business, not where its members are domiciled. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)).

Jurisdiction aside, the complaint is also deficient because it is a shotgun pleading. Federal Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321-23 (defining the four types of shotgun pleadings).

The complaint is a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* All four counts state that "Plaintiff

3

repeats and realleges each and every paragraph and allegation set forth in the preceding paragraphs as if fully set forth herein." (Doc. 1 at ¶¶ 29, 38, 42, 48).

In non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to sua sponte allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiff's chance.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. On or before August 8, 2024, Plaintiff must file an amended complaint consistent with this Order. **Failure to comply could result in dismissal without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on August 1, 2024.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4